## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

| | | |
|---|---|---|
| THE NOBLE MANAGEMENT GROUP, INC. | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:22-cv-2414-AAQ |
| TOTAL CARE SERVICES, INC. | * | |
| Defendant | * | |

## MEMORANDUM OPINION AND ORDER

This is a case concerning the alleged failure of a corporation to pay for services provided by a second corporation. Pending before the Court is Defendant Total Care Services, Inc.'s Motion for a More Definite Statement. ECF No. 13. In its Motion, Defendant requested that Plaintiff, the Noble Management Group, Inc., provide numerous additional pieces of information and demanded Plaintiff attach several additional documents to the Complaint. *See* ECF No. 13-2, at 2 (describing the requested additional information and documents). Requiring a Plaintiff to attach each document referenced in the Complaint is beyond what the Federal Rules of Civil Procedure require. *See McIntosh v. Wormuth*, No. 8:20-cv-00714-PX, 2021 WL 3288369, at *7 (D. Md. Aug. 21, 2021) ("She may also, but is not required to, attach documents that will be considered integral to the Amended Complaint."). However, in its Reply, Defendant, properly, has narrowed its request to two pieces of information: 1) the date of the "side agreement" referenced in paragraph 11 of the Complaint; and 2) the specific dates of the invoices referenced in the Complaint. ECF No. 15, at 3. For the reasons stated below, Defendant's Motion shall be denied.

Federal Rule of Civil Procedure 12(e) provides in part:

> A party may move for a more definite statement of a pleading to which
> a responsive pleading is allowed but which is so vague or ambiguous
> that the party cannot reasonably prepare a response. The motion must
> be made before filing a responsive pleading and must point out the
> defects complained of and the details desired.

Fed. R. Civ. P. 12(e).  The Rule also "must be read in conjunction with Rule 8. . . ."  *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973).  Pursuant to Rule 8(a), a complaint must contain three elements:

> (1) a short and plain statement of the grounds for the court's jurisdiction,
> unless the court already has jurisdiction and the claim needs no new
> jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is
> entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the
> alternative or different types of relief.

Fed. R. Civ. P. 8.

Unlike a Motion to Dismiss, under Rule 12(b)(6), which tests the legal sufficiency of a complaint, a Rule 12(e) motion for a more definite statement focuses on whether "'a party has enough information to frame an adequate answer . . . .'"  *Streeter v. SSOE Sys.*, No. WMN–09–CV–01022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (quoting *Doe v. Bayer Corp.*, 367 F.Supp.2d 904, 917 (M.D.N.C. 2005)).  These motions are "designed to strike at unintelligibility rather than simple want of detail."  *Seneca One Fin., Inc. v. Structured Asset Funding, LLC*, No. DKC 10–1704, 2010 WL 4449444, at *2 (D. Md. Nov. 4, 2010) (internal quotation marks omitted).  Such motions "are viewed with disfavor, and are rarely granted."  *Gladney v. American Western Home Ins. Co.*, No. ELH–15–1559, 2015 WL 5009088, at *5 (D. Md. Aug. 20, 2015) (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Ca. 1999)).

While the Complaint briefly references an agreement to "defer some payments", ECF No. 1, at ¶ 11, Plaintiff's Opposition to the pending Motion eliminates any doubt that the contract providing the

2

basis for the claim is referenced in paragraph 7 and attached to the Complaint.  *See* ECF No. 14, at 2 ("A copy of the executed contract that is the subject of the Plaintiff's suit was attached as an exhibit to Plaintiff's complaint."); *see also* ECF No. 1-2.  Accordingly, contrary to Defendant's concern, ECF No. 15, at 2, the "side agreement", while relevant, is not the basis for the case.  The primary question is whether Defendant has breached the Agreement attached to the Complaint.  The Complaint provides a sufficient basis for Defendant to respond to this question in an Answer or to file a Motion to Dismiss, if it believes that the factual allegations therein are conclusory.  To the extent that Defendant would like additional information regarding the date of the side agreement, and whether and how it altered the terms of the original contract, it may inquire into such matters during discovery.  Plaintiff, however, has made clear that the underlying breach of contract claim is not based on this separate agreement.  ECF No. 14, at 2.

Likewise, the Complaint provides sufficient information regarding the referenced invoices. Although Defendant faults Plaintiff for failing to include enough information regarding them, the Complaint states:

> From February 2, 2019 to October 11, 2019, Noble Management Group performed its services per the parties['] Agreement.  In accordance with the Agreement, Noble Management Group submitted regular and periodic invoices for the services rendered.  These invoices were submitted to the Executive Director of the organization Drucella Wheeler-Ndoye, on a weekly basis[.]

ECF No. 1, at ¶ 10.

While the Complaint does not include the specific date of each particular invoice, such a demand is beyond what Rule 12(e) promises a party.  *See State v. Exxon Mobil Corporation*, 406 F.Supp.3d 420, 480 (D. Md. 2019) ("The information sought by 7-Eleven is available through discovery . . . such as the timing and location of any releases of MTBE gasoline that occurred on their properties."); *Gladney*, 2015 WL 5009088, at *7 (denying motion for more definite statement where "the Amended Complaint

is not particularly detailed, and there is room for improvement in the clarity of the allegations"); *Doe v. Bayer Corp.*, 367 F.Supp.2d 904, 918 (M.D.N.C. 2005) (holding that a party's "vaccination history, is somewhat indefinite and complicated, and is inappropriate to request at the pleading stage"); *see also* ECF No. 13-1, at 3 (conceding "with regard to a request for more definite statement of dates, courts have shown a willingness to allow amendment if the date is definite, but have been less willing to allow amendment when dates are somewhat uncertain or when the events take place over a period of time."). The date of each specific invoice is the type of information that is not needed to respond to the Complaint, particularly given that the Complaint already identifies a nine-month range when the invoices were sent weekly.  While Defendant will likely need the information to adequately defend against the case, it may seek such information during discovery.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for a More Definite Statement is, hereby, denied. So ordered.

Date:   May 10, 2023                              _____/s/_____
                                                  Ajmel A. Quereshi
                                                  U.S. Magistrate Judge